United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| DARRYL WIENKE, | No. CV 10-4082 NJV |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |
| INDYMAC BANK FSB, ET AL., | (Document No. 10) |
| Defendants. | |

This is a civil action arising out of the denial of a mortgage loan modification and the attempted foreclosure of real property in Kelseyville, California. Plaintiff Darryl Wienke, who is proceeding pro se, originally filed this action in Superior Court of California, County of Lake against Defendants Indymac Bank and Indymac Mortgage Services (IMS).[1] On September 10, 2010, this action was removed to this Court by Defendant IMS. Defendant IMS now moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Doc. No. 10. Plaintiff opposes the motion. Doc. Nos. 23 and 25. The Court held a hearing on Defendant's motion on December 21, 2010, at which Plaintiff appeared pro se and counsel for Defendant appeared. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court **GRANTS** Defendant's motion and dismisses

---

[1] Defendant IMS states that Indymac Bank, FSB was closed by the Office of Thrift Supervision (OTS) in 2008 and the Federal Deposit Insurance Corporation (FDIC) was appointed as receiver. *See* Def.'s Notice of Removal, 1 n.1 (Doc. No. 1); Def.'s Mot. at 1 n.1 (Doc. No. 10). After its acquisition by the FDIC, it became Indymac Federal Bank, FSB. One West Bank, FSB purchased some of the assets of Indymac Federal Bank and One West conducts some of its business under the name "IndyMac Mortgage Services." Def.'s Mot. at 1 n.1. Defendant states that IMS is not a separate entity. *Id.* Therefore, One West Bank, FSB is the correct Defendant. For purposes of this order, the Court refers to Defendant IMS as the parties have done in their briefing.

the action without prejudice, granting Plaintiff leave to amend within thirty (30) days of the service of this order.

## I. JURISDICTION

This complaint alleges violations of the Federal Truth in Lending Act ("TILA") (15 U.S.C. § 1601, *et seq*.) with the TILA's corresponding Regulation Z (12 C.F.R. Part 226),[2] along with several state law causes of action. This action was properly removed to this Court pursuant to 28 U.S.C. § 1441, as a case over which this Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a). Both parties consent to jurisdiction of this Court pursuant to 28 U.S.C. § 636(c).

## II. BACKGROUND

As appropriate on a motion to dismiss, all well-pleaded allegations in the complaint are assumed to be true.

Plaintiff alleges that Defendant initially approved his mortgage loan for modification, but then denied the loan modification. Plaintiff executed a promissory note for $287,000.00 secured by a deed of trust ("DOT") encumbering the real property located at 10260 Point Lakeview Road, Kelseyville, California, which was recorded on February 1, 2005. The DOT identified Plaintiff as the borrower, Indymac Bank, FSB as the beneficiary, and Meridian Trust Deed Service as the trustee. It is unclear from the complaint when Plaintiff executed the promissory note, when Plaintiff first defaulted on his loan, whether and when Plaintiff received the notice of default, and when and by whom the notice of default was filed.

In or about December 2009, Defendant offered to modify Plaintiff's mortgage. Compl. ¶ 15. Plaintiff "immediately" accepted the loan modification offer and provided documentation, but Defendant withdrew its offer before Plaintiff made his first payment under the modification. *Id*. Plaintiff submitted a second application for modification. In or about May 2010, Defendant approved a final loan modification plan for Plaintiff. *Id*. But in June 2010, Defendant ultimately

---

[2] The complaint incorrectly refers to 24 C.F.R. §§ 3500.1-3500.17, which is Regulation X.

denied the loan modification claiming that Plaintiff did not occupy the underlying property.[3] *Id.* On or about July 16, 2010, the trustee filed a Notice of Trustee's Sale with the Lake County Recorder for a sale to occur on August 11, 2010. *Id.* at ¶ 18.

On August 10, 2010, Plaintiff filed his verified complaint for damages, injunctive relief, and declaratory relief in the Lake County Superior Court. Doc. No. 1.[4] Plaintiff alleges that Defendant failed to adequately provide notice of the trustee sale and failed to try, with due diligence, to work with Plaintiff to avoid foreclosure. Plaintiff alleges seven causes of action: 1) violation of California Civil Code § 2923.5 based on Defendant's failure to provide notice regarding the trustee sale; 2) violation of TILA and Regulation Z based on Defendant's failure to provide notice and based on Plaintiff's loan; 3) Defendant's unlawful business practices in violation of California Business & Professions Code § 17200; 4) breach of contract (i.e., the underlying mortgage) by initiating foreclosure before contacting Plaintiff and exploring alternative options in violation of California Civil Code §§ 2923.5 and 2924; 5) breach of the implied covenant of good faith and fair dealing based on Defendant's refusal to provide Plaintiff with a "feasible" loan modification; 6) quiet title; and 7) negligent infliction of emotional distress. Plaintiff seeks compensatory damages; an injunction to prevent foreclosure; an injunction requiring Defendant's compliance with Section 2923 and requiring Defendant to meet with Plaintiff in person to modify the loan; a declaration that Defendant violated federal and state law; and attorneys' fees and costs.

In his opposition to Defendant's motion to dismiss, Plaintiff indicates that the foreclosure sale is suspended pending a determination of whether Defendant complied with § 2923.5. Pl.'s Opp. at 5. At the December 21, 2010 hearing on the motion to dismiss, the parties indicated that the foreclosure sale remains voluntarily suspended.

---

[3] During the December 21, 2010 hearing, Defendant stated that the bank was willing to continue to work with Plaintiff to determine if the loan modification was properly denied. Defendant also stated that the underlying property was listed on Plaintiff's income tax return as income property, not his primary residence. Since the June 2010 denial, Defendant has learned that Plaintiff has obtained loan modifications on other properties despite the requirement that loan modification can only be obtained for one's primary residence. The Court does not base its decision on the motion to dismiss on these statements.

[4] The complaint refers to exhibits A through F, but these exhibits are not attached to the complaint that was filed with Defendant's notice of removal. *See* Doc. No. 1, Compl. at 2, 5, 6.

3

## III.  DISCUSSION

Defendant IMS moves to dismiss the complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**A.    Legal Standard**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  While Rule 8 "does not require 'detailed factual allegations,'" a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.  The plausibility standard requires a complaint to plead more than "facts that are 'merely consistent with' a defendant's liability." *Id*.

In ruling on a motion to dismiss, courts may consider only "the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008). When matters outside the pleadings are presented on a Rule 12(b)(6) motion and are not excluded by the court, the court must convert the Rule 12(b)(6) motion to a Rule 56 summary judgment motion. Fed. R. Civ. P. 12(d).

Dismissal under Rule 12(b)(6) is appropriate if the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *Twombly*, 550 U.S. at 555. Dismissal of a complaint can be based on either the lack of a cognizable legal theory or the lack of sufficient facts alleged under a cognizable legal theory. *Balistreri*, 901 F.2d at 699.  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a

4

Rule 12(b)(6) motion. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

The court construes the complaint liberally because it was drafted by a pro se plaintiff. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When granting a motion to dismiss, the court is generally required to provide pro se litigants with "an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading. *Id.* at 296-97.

**B.     First Cause of Action: Wrongful Foreclosure Under the California Civil Code**

Plaintiff alleges wrongful foreclosure under California Civil Code §§ 2923.52, 2923.54, 2924, 2924b, and 2923.5. Subsequent statutory references in this section are to the California Civil Code.

a)     <u>Sections 2923.52 and 2923.54: Delay Provisions</u>

The complaint refers in passing to California Civil Code §§ 2923.52[5] and 2923.54. Compl. ¶¶ 24, 32-34. Section 2923.52 imposes an additional 90-day delay in the normal foreclosure process. As the court in *Vuki v. Superior Court*, 189 Cal. App. 4th 791, 795 (2010) described:

> Before section 2923.52 was enacted, there was a minimum of three months from any notice of default until any foreclosure sale (§ 2924, subd. (a)(3)). After the enactment of section 2923.52, at least for certain loans, another 90 days must be included "in order to allow the parties to pursue a loan modification to prevent foreclosure."

There is no private right of action, however, under § 2923.52 because enforcement of this section is committed to regulatory agencies. *Vuki*, 189 Cal. App. 4th at 798-99.

Section 2923.54 requires that the notice of sale state whether the servicer has or has not obtained an exemption from the 90-day delay provision of § 2923.52. Like § 2923.52, there is no private right of action under § 2923.54. *Vuki*, 189 Cal. App. 4th at 799.

---

[5] As provided in the statute itself, California Civil Code §§ 2923.52 and 2923.54 were valid only until January 1, 2011.

5

1    Therefore, Plaintiff's claims based on §§ 2923.52 and 2923.54 are dismissed with prejudice.

2      b)    Sections 2924 and 2924b:  Notice

3    The complaint also refers in passing to California Civil Code §§ 2924 and 2924b.  Compl.

4 ¶¶ 34, 66.  Section 2924 requires that a trustee must notify an owner or borrower before a

5 foreclosure sale may proceed.  When attacking a non-judicial foreclosure sale, a borrower must

6 overcome a presumption of propriety.  *Knapp v. Doherty*, 123 Cal. App. 4th 76, 86 n. 4 (2004).  A

7 borrower may overcome the presumption by proving an improper procedure occurred and by

8 demonstrating resulting prejudice.  *Id*.  Here, Plaintiff alleged that he received notice of the trustee

9 sale, but the complaint is silent as to whether and when Plaintiff received the notice of default, and

10 when and by whom the notice of default was filed.  *See* Compl. ¶ 18.  Also, Plaintiff has not alleged

11 resulting prejudice from the failure to comply with § 2924.

12   The Court also notes that two courts in this district have found that § 2924 claims for failure

13 to provide notice and to publish, post and record said notice before a non-judicial foreclosure and

14 sale are preempted by the Home Owners Loan Act ("HOLA"), 12 U.S.C. §§ 1461, *et seq*.  *See*

15 *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1126 (N.D. Cal. 2010); *Stefan v.*

16 *Wachovia*, 2009 WL 4730904, *2-3 (N.D. Cal. 2009) (not reported).

17   "Section 2924b governs notices of default in nonjudicial foreclosure proceedings."  *Banc of*

18 *America Leasing & Capital, LLC v. 3 Arch Trustee Services, Inc.*, 180 Cal. App. 4th 1090, 1097

19 (2009).  As noted above, the complaint is silent as to whether and when Plaintiff received a notice of

20 default, when and by whom the notice of default was filed, and whether the trustee complied with

21 § 2924b.  In addition, the complaint does not name the trustee as a defendant in this action.  *See*

22 Compl. ¶ 5.

23   Therefore, Plaintiff's claims challenging notice based on §§ 2924 and 2924b are dismissed

24 without prejudice to allow Plaintiff to file an amended complaint reasserting his claims under these

25 sections, should Plaintiff be able to cure the complaint's deficiencies and overcome the potential

26 preemption by HOLA of § 2924 claims.

27      c)    Section 2923.5:  Lender Contact Before Notice of Default Filed

28   Section 2923.5 requires, before a notice of default may be filed, that a lender contact the
borrower in person or by phone to "assess" the borrower's financial situation and "explore" options

United States District Court
For the Northern District of California

1  to prevent foreclosure.  Cal. Civil Code § 2923.5(a)(2).  The lender may not file the notice of default
2  until 30 days after this initial contact is made or 30 days after satisfying § 2923.5(g)'s due diligence
3  requirements.  § 2923.5(a)(1).  A lender satisfies the due diligence requirement if it was not able to
4  contact the borrower after (1) sending a letter with certain information; (2) then calling the borrower
5  "by telephone at least three times at different hours and on different days"; (3) if the borrower does
6  not respond within two weeks after the telephone calls, sending a certified letter, with return receipt
7  requested; (4) providing a toll-free telephone number that will provide access to a live representative
8  during business hours; and (5) posting a prominent link on the lender's homepage with certain
9  information.  § 2923.5(g).
10      California courts have recognized a private right of action under § 2923.5 and have held that
11  this right is not preempted by federal law.  *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 214,
12  225-30 (2010).  The only available remedy under § 2923.5, however, is a postponement of the
13  foreclosure sale for the lender to cure the deficiencies in its compliance with § 2923.5.  *See id*. at
14  214, 231-32; *see also Aguilera v. Hilltop Lending Corp.*, 2010 WL 3340566, *4 (N.D. Cal. 2010)
15  (slip copy) (citing *Mabry*, 185 Cal. App. 4th 208).
16      Here, the complaint does not sufficiently state a cause of action for violations of § 2923.5
17  where it is either silent or unclear on several material points.  The complaint is silent as to when
18  Plaintiff first defaulted on his mortgage, whether and when Plaintiff received the notice of default,
19  and when and by whom the notice of default was filed.  The complaint is also unclear as to whether
20  Plaintiff spoke with a representative from Defendant lender by telephone or in person to satisfy
21  § 2923.5(a)(2)'s contact requirement, or whether Defendant complied with § 2923.5(g)'s due
22  diligence requirements.  The complaint suggests that Plaintiff was in frequent contact with
23  Defendant where Plaintiff submitted an application for a loan modification two or three times, but it
24  is unclear who initiated this contact.  *See* Compl. ¶¶ 14-15.  It is also unclear whether Defendant's
25  December 2009 offer to modify Plaintiff's mortgage satisfies § 2923.5(g)(1)'s due diligence
26  requirement.  *See id*. at ¶ 15(a).  The complaint and parties' statements at the hearing indicate that
27  the foreclosure sale on the underlying property has not yet been held, which is one of the
28  requirements for bringing a § 2923.5 claim.  *See id*. at ¶¶ 18, 24.  The Court further notes that in its
    motion and reply, Defendant does not describe or clarify its contact and communication with

7

Plaintiff borrower or whether Defendant satisfied § 2923.5(g)'s due diligence requirements. Defendant did not file a declaration supporting its motion nor did Defendant file a request for judicial notice with any documentation of its compliance with § 2923.5.

As the *Mabry* court made clear: "There is nothing in section 2923.5 that requires the lender to rewrite or modify the loan." *Mabry*, 185 Cal. App. 4th at 214. Because the only available remedy under section 2923.5 is a postponement of the foreclosure sale, damages are not available. In addition, § 2923.5 claims are not suitable for class action treatment because these claims "contemplate[] highly-individuated facts." *Id*. at 236. Therefore, any claims under § 2923.5 based on Defendant's denial of the loan modification, for money damages, and for class action status fail, and are dismissed with prejudice.

Defendant argues that a § 2923.5 claim must be made against the foreclosing trustee, who has not been named as a defendant in this action, not a lender or loan servicer such as Defendant. Defendant relies on *Kariguddaiah v. Wells Fargo Bank, N.A.*, 2010 WL 2650492, *6 (N.D. Cal. 2010) (slip copy) for its argument. In *Kariguddaiah*, one court in this district dismissed the § 2923.5 claim against defendant loan servicer reasoning that because the only remedy under § 2923.5 is the postponement of the foreclosure sale, "this cause of action applies only against the entity effectuating the foreclosure sale." *Id*. at *6. At this time, and based on the dismissal of Plaintiff's § 2923.5 claim on other grounds, the Court respectfully declines to extend *Kariguddaiah* where a § 2923.5 claim against a lender/ loan servicer defendant was allowed to proceed in *Mabry*. *See Mabry*, 185 Cal. App. 4th at 215, 222, 235-36. In *Mabry*, the appellate court remanded to the trial court for an evidentiary hearing to determine whether the requisite contact by the loan servicer defendant was made under § 2923.5 where the borrower and the defendant's account of the facts differed. *Id*. at 235-36. In distinguishing § 2923.5 from § 2923.6 and finding a private right of action under § 2923.5, the *Mabry* court stated that "[b]y its terms, section 2923.5 operates substantively on lenders." *Id*. at 222. Should Plaintiff amend his complaint to add allegations for his § 2923.5 claim and should Defendant move to dismiss the amended complaint, the Court welcomes the parties to brief in more detail whether a § 2923.5 claim can be raised against a lender or loan servicer, or whether such a claim is limited to a defendant trustee effectuating the foreclosure sale.

In conclusion, Plaintiff's § 2923.5 claim is dismissed without prejudice to allow Plaintiff to file an amended complaint reasserting his claim if he can cure these deficiencies. The Court emphasizes that any amended § 2923.5 claim must be limited to the contact and communication between Plaintiff and Defendant before the notice of default was filed, and cannot be based on Defendant's denial of the loan modification.

### C.    Second Cause of Action:  TILA and Regulation Z

In his second cause of action, Plaintiff alleges that his mortgage loan was subject to his right of rescission under TILA and Regulation Z. Plaintiff claims that Defendant violated 15 U.S.C. § 1635 and Regulation Z (12 C.F.R. § 226.23) by failing to deliver to Plaintiff two copies of the notice of the right to rescind, which identified the transaction, clearly disclosing the security interests in Plaintiff's "dwelling," clearly and conspicuously disclosing his right to rescind the transaction, clearly and conspicuously disclosing how to exercise the right to rescind the transaction, clearly and conspicuously disclosing the effects of rescission, and clearly and conspicuously disclosing the date the rescission expired. Plaintiff also claims that Defendant failed to properly deliver notice of all material disclosures.

Plaintiff claims that borrowers retain a continuing right to rescind a loan transaction until the third business day after the receipt of both the notice of the right to rescind and the notice of all material disclosures. Plaintiff thus alleges that as a result of the alleged violations of the TILA and Regulation Z, he is entitled to rescind the loan transaction, and is entitled to terminate any security interest in the property. Plaintiff states that his complaint constitutes his notice of rescission of the loan. In addition to rescission, Plaintiff seeks damages, a temporary restraining order, and a preliminary injunction. Defendant moves to dismiss Plaintiff's cause of action for violation of the TILA and Regulation Z on the ground that it is barred by the statute of limitations.

"TILA provides borrowers only two remedies for disclosure violations:  (1) rescission, *see* 15 U.S.C. § 1635 and (2) damages." *Eubanks v. Liberty Mortgage Banking Ltd.,* 976 F. Supp. 171, 174 (E.D.N.Y. 1997) (citing 15 U.S.C. § 1640).

1.   Rescission

The Supreme Court has explained "that the borrower's right of rescission 'shall expire in three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first,' even if the required disclosures have never been made." *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 413 (1998).

Though it is unclear from the complaint when Plaintiff executed his loan agreement, the Court infers that it was executed on or before February 1, 2005, when the DOT was recorded. Compl. ¶ 5. The complaint in this action was filed on August 10, 2010, more than five years later. As Defendant argues, the complaint was filed long after the three year statute of limitations for an action for rescission expired. Further, under 15 U.S.C. § 1635(f), not only the private right of action but the underlying right of rescission itself expires after three years. *Beach,* 523 U.S. at 417. Thus, equitable tolling in inapplicable. Accordingly, the Court finds that Plaintiff's claim for rescission is barred by the statute of limitations, and dismisses this portion of the second cause of action with prejudice.

2.   Damages

Plaintiff's claim for damages is barred by the one-year statute of limitations contained in 15 U.S.C. § 1640(e), which requires borrowers to bring their claims for damages "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The Ninth Circuit has clarified that this period runs "from the date of consummation" of the transaction, which is generally defined as the date on which the money is loaned to the debtor. *King v. State of California*, 784 F.2d 910, 913-15 (9th Cir. 1986), *cert. denied*, 484 U.S. 802 (1987). Here, the money was loaned on or before February 1, 2005, and the complaint was filed more than five years later. The claim for damages is thus barred by the statute of limitations and the Court will grant Defendant's motion to dismiss as to this portion of the second cause of action as well.

In *King v. State of California*, the Ninth Circuit found that equitable tolling "may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." 784 F.2d at 915. The court explained that such circumstances would involve claims of fraudulent concealment and that equitable tolling could be applied "if the general rule would be

unjust or frustrate the purpose of the Act." *Id*. Under Rule 9(b) of the Federal Rules of Civil Procedure, fraud must be plead with particularity. In the present case, Plaintiff has not made the requisite claim of fraud necessary to support equitable tolling. The Court finds, however, that Plaintiff may be able to amend his complaint to do so.

The Court will therefore grant Defendant's motion to dismiss as to Plaintiff's second cause of action as barred by the statute of limitations. As to the claim for damages, the Court dismisses without prejudice and with leave to amend. The claim for rescission is dismissed with prejudice.

**D.     Third Cause of Action: California Business & Professions Code § 17200**

In his third cause of action, Plaintiff alleges that Defendant violated California's Unfair Competition Law (UCL) by engaging in unlawful, unfair, and fraudulent business practices, including violations of TILA, HOEPA (the Home Ownership and Equity Protection Act of 1994), and Regulation Z. Cal. Bus. & Prof. Code § 17200, *et seq*. Plaintiff alleges that the loan modification Defendant offered to Plaintiff was not made in good faith and that Defendant knew the modification was "unworkable" for Plaintiff's situation. Plaintiff also alleges that Defendant violated the California Residential Mortgage Lending Act (Financial Code Section 50000, *et seq*.)*,* 10 C.C.R. § 1950.003, *et seq*., and Civil Code § 2923. Plaintiff alleges that he has suffered damages as a result of Defendant's actions and also seeks injunctive relief.

California's UCL prohibits acts or practices that are: (1) fraudulent; (2) unlawful; or (3) unfair. Cal. Bus. & Prof. Code § 17200. Each prong of the UCL constitutes a separate and distinct theory of liability. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009). Violation of almost any federal, state or local law may serve as the basis for a section 17200 claim. *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 838-39 (1994). "A business practice is unfair within the meaning of the UCL if it violates established public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits." *McKell v. Washington Mutual, Inc.*, 142 Cal. App. 4th 1457, 1473 (2006).

The Court dismisses the third cause of action for the § 17200 claim as insufficiently pled.

1.     Insufficient Pleading

Plaintiff bases his section 17200 claim on three underlying alleged wrongs: (1) Defendant's alleged wrongful foreclosure under the California Civil Code; (2) Defendant's alleged violation of

TILA and Regulation Z; and that (3) Defendant's loan modification offer was not made in good faith.

Plaintiff has failed to sufficiently plead a § 17200 unfair competition claim on several grounds. First, as described above, Plaintiff has failed to sufficiently plead wrongful foreclosure under the California Civil Code. The Court reiterates that California Civil Code § 2923.5 does not "require[] the lender to rewrite or modify the loan." *Mabry*, 185 Cal. App. 4th at 214. Second, also as described above, the TILA and Regulation Z claims are time barred.

Third, to the extent that Plaintiff's § 17200 claim seeks damages, he has not alleged that he suffered losses capable of restitution. Plaintiff seeks damages for his negligent infliction of emotional distress claim, but these are not damages capable of restitution. *See Kariguddaiah*, 2010 WL 2650492 at *7. The only damages specified by Plaintiff that would be capable of restitution are his purported damages for wrongful foreclosure and breach of contract, including his claim for attorneys' fees and costs. As explained above and in Section III.E below, Plaintiff has failed to state a claim for either wrongful foreclosure or breach of contract. Because he has not plausibly alleged any wrongful foreclosure or breach of contract by Defendant, he cannot seek damages for those causes of action. In addition, a pro se litigant may not recover attorneys' fees. *See Kay v. Ehrler,* 499 U.S. 432, 438 (1991).

Finally, it is impossible to discern which of the facts alleged in the complaint support which of the myriad statutory violations alleged in this cause of action. Therefore, Plaintiff has failed to sufficiently plead a § 17200 unfair competition claim.

2. <u>Preemption</u>

Defendant lastly argues that Plaintiff's § 17200 claim based on TILA violations and the denial of a loan modification are preempted by HOLA, a federal law. In 12 C.F.R. § 560.2(b), the OTS lists specific types of state laws that are preempted by HOLA, including:

> (4) The terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate, balance, payments due, or term to maturity of the loan, including the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan;
>
> [...]

12

> (10) Processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages;

In *Silvas v. E\*Trade Mortgage Corp.*, 514 F.3d 1001 (9th Cir. 2008), the plaintiff borrowers were refinancing their mortgage with the defendant, who charged the plaintiffs a fee to "lock-in" an interest rate. The borrowers elected to rescind the mortgage within the three days allotted for cancellation under the TILA, but the defendant did not refund the lock-in fee. The plaintiffs alleged UCL claims under § 17500 for unfair advertising and under § 17200 for unfair competition. The Ninth Circuit held that the UCL claims for § 17500 unfair advertising and § 17200 unfair competition based on TILA violations were preempted by HOLA under 12 C.F.R. § 560.2(b)(5) related to fees and § 560.2(b)(9) related to disclosure and advertising. *Id*. at 1006. Defendant's argument that *all* § 17200 claims based on *any* TILA violation are preempted under *Silvas* goes too far. The Ninth Circuit based its preemption holding specifically on two categories of state law that were expressly preempted in 12 C.F.R. § 560.2(b)(5) and § 560.2(b)(9), which were directly related to the misconduct alleged by the plaintiff borrowers in *Silvas*. *See Silvas*, 514 F.3d at 1006.

At least two district courts have held that § 17200 claims based on loan modification are preempted by HOLA under 12 C.F.R. § 560.2(b)(10), which expressly preempts state laws related to "[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages." *See Ibarra v. Loan City*, 2010 WL 415284, \*6 (S.D. Cal. 2010) (not reported); *Biggins v. Wells Fargo & Co.*, 266 F.R.D. 399, 416-17 (N.D. Cal. 2009) (§ 17200 claim based on allegations that the defendants "have routinely refused to discuss good faith modifications of" the borrower's loan was preempted by HOLA under 12 C.F.R. § 560.2(b)(10)).

Though the Court is inclined to agree with Defendant, at this time and based on the dismissal of Plaintiff's § 17200 unfair competition claim on other grounds, the Court declines to determine whether Plaintiff's § 17200 unfair competition claim is preempted by HOLA. Should Plaintiff amend his complaint to cure the deficiencies in his § 17200 unfair competition claim and should Defendant move to dismiss the amended complaint, the Court welcomes the parties to brief in more detail whether Plaintiff's unfair competition claim is preempted by HOLA.

Plaintiff is granted leave to amend in order to attempt to cure the pleading deficiencies noted, and in order to allege any alternative basis for liability under section 17200, if applicable.

13

### E. Fourth Cause of Action: Breach of Contract

In his fourth cause of action, Plaintiff alleges breach of contract of the original deed of trust agreement between Plaintiff and Defendant. Plaintiff contends that Defendant breached the contract when it initiated foreclosure proceedings on the property prior to attempting to contact Plaintiff to discuss, in good faith, Plaintiff's financial condition and to explore options to avoid foreclosure. Plaintiff's breach of contract claim is based on Defendant's alleged violation of California Civil Code §§ 2923.5 and 2924. Because Plaintiff has failed to sufficiently plead wrongful foreclosure based on sections 2923.5 and 2924 as described in detail above, the Court dismisses the fourth cause of action without prejudice.

### F. Fifth Cause of Action: Breach of the Implied Covenant of Good Faith and Fair Dealing

In his fifth cause of action, Plaintiff alleges that Defendant breached the implied covenant of good faith and fair dealing, citing California Civil Code §§ 2923 and 2923.6, and current practices of the mortgage industry. Plaintiff alleges that he had the financial ability to make modified loan payments. Plaintiff claims that Defendant breached the covenant by refusing him a feasible loan modification or other workout plan even though the anticipated recovery under such a loan modification or workout plan would have exceed the anticipated recovery through foreclosure on a net present value basis. Plaintiff also claims that Defendant sought to take unfair advantage of its special relationship with him through misfeasance, misrepresentation and/or fraud, and by doing so, breached the covenant. Plaintiff claims that as a result of Defendant's actions, he suffered damages.

Plaintiff grounds his breach of the implied covenant of good faith and fair dealing claim in contract, not in tort law. *See* Compl. ¶ 79. Defendant's arguments to the contrary fail. Section 205 of the Restatement of Contracts states that, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." Restatement (Second) of Contracts § 205 (2009). "[T]he implied covenant of good faith is read into contracts 'in order to protect the express covenants or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purpose.'" *Carma Developers, Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal.4th 342, 373 (1992) (quoting *Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 690 (1988)).

The terms of Plaintiff's loan agreement, including whether the agreement addressed the possibility of foreclosure should Plaintiff fail to make the agreed-upon payments, are unclear from

the complaint. It is also unclear from the complaint when Plaintiff first defaulted on his loan. "The mere fact that the remaining defendants foreclosed on the [] property does not without more constitute a breach of the covenant of good faith and fair dealing." *Davenport v. Litton Loan Servicing, LP*, 725 F. Supp. 2d 862, 884 (N.D. Cal. 2010). The Court also notes that allegations of fraud must be stated with particularity and the requisite particularity is lacking in the complaint. *See* Fed. R. Civ. P. 9(b). Therefore, the Court dismisses the fifth cause of action without prejudice with leave to amend.

**G.     Sixth Cause of Action:  Quiet Title**

In his sixth cause of action, Plaintiff seeks to quiet title against Defendant's claim to "any title to the Subject Property by virtue of the Trustee's Deed Upon Sale." Plaintiff claims that Defendant's claims are without any right, and that Defendant has no right, title, estate, lien, or interest in the property. Plaintiff seeks a judicial declaration quieting title in Plaintiff as of August 11, 2010.

To establish a claim for quiet title, the plaintiff must file a verified complaint that alleges: (a) a description of the property; (b) the plaintiff's title as to which a determination is sought; (c) the adverse claims to the title; (d) the date as to which the determination is sought; and (e) a prayer for the determination of title. Cal. Code Civ. Proc. § 761.020. Here, Plaintiff fails to explain the grounds on which his claim is based, as required section 761.020(c). The Court also notes that given the suspension of the foreclosure sale, no sale of the underlying property has occurred and no Trustee's Deed Upon Sale has been issued.

"Finally, [the] plaintiff is required to allege the tender of the proceeds of the loan at the pleading stage, which he has not done." *Velasquez v. Chase Home Finance LLC*, 2010 WL 3211905, *4 (N.D. Cal. 2010) (slip copy); *see Kelley v. Mortgage Electronic Registration*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009) ("Plaintiffs have not alleged ... that they have satisfied their obligation under the Deed of Trust. As such, they have not stated a claim to quiet title."). "It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934). Plaintiff does not allege that he has paid the debt or that he has met his obligations under his DOT. Accordingly, the sixth cause of

action for quiet title is dismissed without prejudice, with leave to amend to allege, if Plaintiff can, the necessary elements of a quiet title action.

**H.     Seventh Cause of Action:  Negligent Infliction of Emotional Distress**

In his seventh cause of action, Plaintiff asserts a claim for negligent infliction of emotional distress because Defendant's conduct was undertaken with reckless disregard of the probability of causing emotional distress to Plaintiff.  Plaintiff claims that as a direct and proximate result of Defendant's actions, he has suffered severe or extreme emotional distress, pain, suffering, and anxiety.

To succeed on his claim for negligent infliction of emotional distress, Plaintiff must show that (1) Defendant owed a duty to Plaintiff; (2) Defendant breached that duty; (3) serious emotional distress actually and proximately caused by Defendant, who should have foreseen that the conduct would cause such distress; and (4) damages to Plaintiff.  *See Huggins v. Longs Drug Stores Cal., Inc.*, 6 Cal.4th 124, 129 (1993).  The Court dismisses this cause of action without prejudice because Plaintiff has not sufficiently pled the duty, breach, or damages elements.

Even were Plaintiff to file an amended complaint renewing his claim, the Court notes the difficulty in establishing a negligent infliction of emotional distress claim here because "with rare exceptions, a breach of the duty must threaten physical injury, not simply damage to property or financial interests."  *Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965, 985 (1993).  In addition, other courts have dismissed negligent infliction of emotional distress claims in wrongful foreclosure cases.  *See Davenport*, 725 F. Supp. 2d at 884 (causation and foreseeability of distress not established where lender refused to modify mortgage loan); *Odinma v. Aurora Loan Services*, 2010 WL 1199886, *9 (N.D. Cal. 2010) (slip copy) (noting duty of lender to borrower in wrongful foreclosure case is "doubtful").

/ / /

/ / /

/ / /

16

## IV. CONCLUSION

For the reasons described above, the Court **GRANTS** Defendant's motion to dismiss[6] and dismisses this action without prejudice as follows:

1) **First Cause of Action**: The California Civil Code §§ 2923.52 and 2923.54 claims are dismissed with prejudice because there is no private right of action based on these sections. The §§ 2924, 2924b, and 2923.5 claims are dismissed without prejudice for failure to state a claim upon which relief can be granted. Any claims under § 2923.5 based on Defendant's denial of the loan modification, for money damages, and for class action status are dismissed with prejudice.

2) **Second Cause of Action**: The TILA and Regulation Z claims are dismissed as barred by the statute of limitations. The claim for rescission is dismissed with prejudice. The claim for damages is dismissed without prejudice with leave to amend to add sufficient allegations of fraud, if any, to support equitable tolling of the statute of limitations.

3) **Third Cause of Action**: The California Business & Professions Code § 17200 claim for unfair competition is dismissed without prejudice for failure to state a claim upon which relief can be granted.

4) **Fourth Cause of Action**: The breach of contract claim is dismissed without prejudice for failure to state a claim upon which relief can be granted.

5) **Fifth Cause of Action**: The breach of the covenant of good faith and fair dealing claim is dismissed without prejudice for failure to state a claim upon which relief can be granted.

6) **Sixth Cause of Action**: The quiet title claim is dismissed without prejudice for failure to state a claim upon which relief can be granted.

7) **Seventh Cause of Action**: The negligent infliction of emotional distress claim is dismissed without prejudice for failure to state a claim upon which relief can be granted.

Plaintiff is granted thirty (30) days from the date of service of this order to file an amended complaint, remedying the defects in the original complaint explained above. Such an amended

---

[6] This order terminates docket numbers 9 and 10.

complaint should be clearly labeled "First Amended Complaint" and must have the docket number of this case on the title page. Plaintiff's failure to timely file a First Amended Complaint in compliance with this order may result in the dismissal of this entire action.

**IT IS SO ORDERED.**

Dated: March 14, 2011

NANDOR J. VADAS
United States Magistrate Judge

18