**United States District Court**
For the Northern District of California

1
2
3
4
5                    UNITED STATES DISTRICT COURT
6                   NORTHERN DISTRICT OF CALIFORNIA
7                         EUREKA DIVISION
8
9   DARRYL WIENKE,                          No. CV 10-4082 NJV
10            Plaintiff,
11      v.                                  ORDER GRANTING DEFENDANT'S
                                            MOTION TO DISMISS THE FIRST
                                            AMENDED COMPLAINT
12  INDYMAC BANK FSB, ET AL.,
                                            (Document No. 28)
13            Defendants.
    _____/
14

15          This is a civil action arising out of the denial of a mortgage loan modification and the

16  attempted foreclosure of real property in Kelseyville, California.  Plaintiff Darryl Wienke, who is

17  proceeding pro se, originally filed this action in the Superior Court of California, County of Lake

18   against Defendants Indymac Bank and Indymac Mortgage Services (IMS).[1]  On September 10,

19  2010, this action was removed to this Court by Defendant IMS.  Both parties consented to

20  jurisdiction of this Court pursuant to 28 U.S.C. § 636(c).

21          On March 14, 2011, the Court granted Defendant IMS' motion to dismiss the complaint with

22  leave to amend.  Doc. No. 26.  Plaintiff timely filed his First Amended Complaint (FAC) and

23  Defendant IMS now moves to dismiss the FAC under Federal Rule of Civil Procedure 12(b)(6) for

24  failure to state a claim upon which relief can be granted.  Doc. Nos. 27, 28.  Plaintiff opposes the

25  motion.  The June 21, 2011 hearing on Defendant's motion was vacated by Plaintiff's request.  Doc.

26

27          [1] Defendant IMS states that Indymac Bank, FSB was closed by the Office of Thrift Supervision
    (OTS) in 2008 and the Federal Deposit Insurance Corporation (FDIC) was appointed as receiver.  *See*
28  Def.'s Notice of Removal, 1 n.1 (Doc. No. 1); Def.'s Mot. at 1 n.1 (Doc. No. 10).  After its acquisition
    by the FDIC, it became Indymac Federal Bank, FSB.  One West Bank, FSB purchased some of the
    assets of Indymac Federal Bank and One West conducts some of its business under the name "IndyMac
    Mortgage Services."  Def.'s Mot. at 1 n.1.  Defendant states that IMS is not a separate entity.  *Id.*
    Therefore, One West Bank, FSB is the correct Defendant.  For purposes of this order, the Court refers
    to Defendant IMS as the parties have done in their briefing.

United States District Court

For the Northern District of California

1    Nos. 31, 33.  Having considered the papers submitted, and for good cause shown, the Court

2    **GRANTS** Defendant's motion to dismiss and dismisses the action with prejudice.

3                                              **I.  JURISDICTION**

4        The original complaint alleged violations of the Federal Truth in Lending Act (TILA)

5    (15 U.S.C. § 1601, *et seq*.) with the TILA's corresponding Regulation Z (12 C.F.R. Part 226),[2] along

6    with several state law causes of action.  Therefore, when this action was initially removed to this

7    Court pursuant to 28 U.S.C. § 1441, this Court had original federal question jurisdiction pursuant to

8    28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims pursuant to

9    28 U.S.C. § 1367(a).  The FAC, however, does not allege any federal claims and only alleges

10   various state law causes of action including violation of California Civil Code § 2923.5, breach of

11   contract, breach of the implied covenant of good faith and fair dealing, and promissory estoppel.[3]

12       "The Supreme Court recently held that dismissal of federal claims does not automatically

13   deprive district courts of subject matter jurisdiction over any supplemental claims.  Rather, the

14   district court retains discretion whether to exercise supplemental jurisdiction over state law claims

15   even after all federal claims are dismissed."  *Lacey v. Maricopa County*, --- F.3d ----, 2011 WL

16   2276198, *14 (9th Cir. 2011) (slip copy) (internal citations omitted); *see Carlsbad Tech., Inc. v. HIF

17   Bio, Inc.*, --- U.S. ---, 129 S.Ct. 1862, 1866-67 (2009) ("A district court's decision whether to

18   exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is

19   purely discretionary."); 28 U.S.C. § 1367(c)(3); *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195,

20   210-12 (6th Cir. 2004) (affirming district court's order denying the plaintiff's motion to remand

21   where the federal claim was not re-alleged in the amended complaint and only state law claims

22   remained).

23       Here, though federal question jurisdiction is no longer present in the FAC, the Court

24   exercises its discretion to retain supplemental pendent jurisdiction over this action because federal

25   question jurisdiction was present at the time the action was removed over nine months ago, the

26   Court is familiar with the case after ruling on the first motion to dismiss, and to conserve judicial

27

28       [2]  The complaint incorrectly refers to 24 C.F.R. §§ 3500.1-3500.17, which is Regulation X.

         [3]  The third cause of action refers in passing to TILA and the Fair Debt Collection Practices Act, but as discussed this below, this cause of action was erroneously included in the FAC.

                                                      2

1   resources and prevent delay.[4]  *See Carlsbad Tech.*, 129 S.Ct. at 1866-67; *Lacey*, 2011 WL 2276198

2   at *14.

## II.  BACKGROUND

4        As appropriate on a motion to dismiss, all well-pleaded allegations in the amended complaint

5   are assumed to be true.

6        Plaintiff alleges that Defendant initially approved his mortgage loan for modification, but

7   then denied the loan modification.  Plaintiff executed a promissory note for $287,000.00 secured by

8   a deed of trust (DOT) encumbering the real property located at 10260 Point Lakeview Road,

9   Kelseyville, California, which was recorded on February 1, 2005.  The DOT identified Plaintiff as

10  the borrower, Indymac Bank, FSB as the beneficiary, and Meridian Trust Deed Service as the

11  trustee.  It is unclear from the complaint when Plaintiff executed the promissory note, whether and

12  when Plaintiff received the notice of default, and when and by whom the notice of default was filed.

13       In or about January 2009, Plaintiff defaulted on his loan.  FAC ¶ 13.  In or about December

14  2009, Defendant offered to modify Plaintiff's mortgage.  *Id*. at ¶ 15.  Plaintiff "immediately"

15  accepted the loan modification offer and provided documentation, but Defendant withdrew its offer

16  before Plaintiff made his first payment under the modification.  *Id*.  Plaintiff submitted a second

17  application for modification.  In or about May 2010, Defendant approved a final loan modification

18  plan for Plaintiff.  *Id*.  But in June 2010, Defendant ultimately denied the loan modification claiming

19  that Plaintiff did not occupy the underlying property.  *Id*.  On or about July 16, 2010, the trustee filed

20  a Notice of Trustee's Sale with the Lake County Recorder for a sale to occur on August 11, 2010.

21  *Id*. at ¶ 22.

22       On August 10, 2010, Plaintiff filed his verified complaint for damages, injunctive relief, and

23  declaratory relief in the Lake County Superior Court.  Doc. No. 1.[5]  Plaintiff alleged that Defendant

24  failed to adequately provide notice of the trustee sale and failed to try, with due diligence, to work

25  with Plaintiff to avoid foreclosure.  On September 10, 2010, this action was removed to this Court

26  by Defendant IMS.  On March 14, 2011, the Court granted Defendant IMS' motion to dismiss the

27

28  _____

[4]  It is unclear from the FAC whether diversity jurisdiction is present.

[5]   The complaint refers to exhibits A through F, but these exhibits were not attached to the complaint that was filed with Defendant's notice of removal.  *See* Doc. No. 1, Compl. at 2, 5, 6.

United States District Court
For the Northern District of California

complaint with leave to amend, ruling as follows on the complaint's seven causes of action:

1)  First Cause of Action:  The California Civil Code §§ 2923.52 and 2923.54 claims were dismissed with prejudice because there is no private right of action based on these sections. The §§ 2924, 2924b, and 2923.5 claims were dismissed without prejudice for failure to state a claim upon which relief can be granted.  Any claims under § 2923.5 based on Defendant's denial of the loan modification, for money damages, and for class action status were dismissed with prejudice.

2)  Second Cause of Action:  The TILA and Regulation Z claims were dismissed as barred by the statute of limitations.  The claim for rescission was dismissed with prejudice.  The claim for damages was dismissed without prejudice with leave to amend to add sufficient allegations of fraud, if any, to support equitable tolling of the statute of limitations.

3)  Third Cause of Action:  The California Business & Professions Code § 17200 claim for unfair competition was dismissed without prejudice for failure to state a claim upon which relief can be granted.

4)  Fourth Cause of Action:  The breach of contract claim was dismissed without prejudice for failure to state a claim upon which relief can be granted.

5)  Fifth Cause of Action:  The breach of the covenant of good faith and fair dealing claim was dismissed without prejudice for failure to state a claim upon which relief can be granted.

6)  Sixth Cause of Action:  The quiet title claim was dismissed without prejudice for failure to state a claim upon which relief can be granted.

7)  Seventh Cause of Action:  The negligent infliction of emotional distress claim was dismissed without prejudice for failure to state a claim upon which relief can be granted.

On April 14, 2011, Plaintiff timely filed his FAC alleging five causes of action: 1) violation of California Civil Code § 2923.5 based on Defendant's failure to provide notice regarding the trustee sale; 2) breach of contract (i.e., the underlying mortgage) by initiating foreclosure before contacting Plaintiff and exploring alternative options in violation of California Civil Code §§ 2923.5 and 2924; 3) breach of the implied covenant of good faith and fair dealing based on Defendant Chase's refusal to a) provide Plaintiff with a "feasible" loan modification, b) provide a response to the Qualified Written Request submitted to Defendant Chase on September 3, 2010, c) disclose documentation in violation of TILA, and d) provide an accounting pursuant to the Fair Debt Collection Practices Act; 4) breach of the implied covenant of good faith and fair dealing based on Defendant's refusal to provide Plaintiff with a "feasible" loan modification; and 5) promissory estoppel based on Defendant's promise that it would not foreclose on the subject property while it was evaluating Plaintiff's loan modification application.  Plaintiff seeks compensatory, exemplary, and punitive damages; an injunction to prevent foreclosure; an injunction requiring Defendant to meet with Plaintiff in person to modify the loan; a declaration that Defendant violated state law; and

United States District Court
For the Northern District of California

4

United States District Court

For the Northern District of California

1   attorneys' fees.

2      On April 28, 2011, Defendant IMS filed the present motion to dismiss the FAC under Rule

3   12(b)(6) for failure to state a claim upon which relief can be granted.  The foreclosure sale has not

4   occurred yet and it remains voluntarily suspended.  Doc. No. 34.  The June 21, 2011 hearing on

5   Defendant's motion was vacated by Plaintiff's request and Defendant IMS' motion was submitted

6   on the papers.  Doc. Nos. 31, 33.

**III.  DISCUSSION**

8      Defendant IMS moves to dismiss the FAC under Rule 12(b)(6) for failure to state a claim

9   upon which relief can be granted.

**A.    Legal Standard**

11      A complaint must contain a "short and plain statement of the claim showing that the pleader

12   is entitled to relief."  Fed. R. Civ. P. 8(a).  While Rule 8 "does not require 'detailed factual

13   allegations,'" a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim

14   to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949

15   (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).  Facial plausibility

16   is established "when the plaintiff pleads factual content that allows the court to draw the reasonable

17   inference that the defendant is liable for the misconduct alleged."  *Id*.  "The plausibility standard is

18   not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant

19   has acted unlawfully."  *Id.*  The plausibility standard requires a complaint to plead more than "facts

20   that are 'merely consistent with' a defendant's liability."  *Id*.

21      In ruling on a motion to dismiss, courts may consider only "the complaint, materials

22   incorporated into the complaint by reference, and matters of which the court may take judicial

23   notice."  *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

24   When matters outside the pleadings are presented on a Rule 12(b)(6) motion and are not excluded by

25   the court, the court must convert the Rule 12(b)(6) motion to a Rule 56 summary judgment motion.

26   Fed. R. Civ. P. 12(d).

27      Dismissal under Rule 12(b)(6) is appropriate if the complaint does not give the defendant fair

28   notice of a legally cognizable claim and the grounds on which it rests.  *Twombly*, 550 U.S. at 555.

Dismissal of a complaint can be based on either the lack of a cognizable legal theory or the lack of

United States District Court

For the Northern District of California

1    sufficient facts alleged under a cognizable legal theory.  *Balistreri*, 901 F.2d at 699.  In considering

2    whether the complaint is sufficient to state a claim, the court will take all material allegations as true

3    and construe them in the light most favorable to the plaintiff.  *NL Indus., Inc. v. Kaplan*, 792 F.2d

4    896, 898 (9th Cir. 1986).  Although the court is generally confined to consideration of the

5    allegations in the pleadings, when the complaint is accompanied by attached documents, such

6    documents are deemed part of the complaint and may be considered in evaluating the merits of a

7    Rule 12(b)(6) motion.  *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

8          The court construes the complaint liberally because it was drafted by a pro se plaintiff.

9    *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  When granting a motion to

10   dismiss, the court is generally required to provide pro se litigants with "an opportunity to amend the

11   complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment."

12   *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987).  In determining whether amendment

13   would be futile, the court examines whether the complaint could be amended to cure the defect

14   requiring dismissal "without contradicting any of the allegations of [the] original complaint."  *Reddy*

15   *v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990).  Leave to amend should be liberally

16   granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading.  *Id.*

17   at 296-97.

18   **B.     First Cause of Action:  Wrongful Foreclosure Under the California Civil Code**

19         Plaintiff alleges wrongful foreclosure under California Civil Code §§ 2923.5 and 2924.

20   Subsequent statutory references in this section are to the California Civil Code.

21         1.     Section 2923.5:  Lender Contact Before Notice of Default Filed

22         Section 2923.5 requires, before a notice of default may be filed, that a lender contact the

23   borrower in person or by phone to "assess" the borrower's financial situation and "explore" options

24   to prevent foreclosure.  Cal. Civil Code § 2923.5(a)(2).  The lender may not file the notice of default

25   until 30 days after this initial contact is made or 30 days after satisfying § 2923.5(g)'s due diligence

26   requirements.  § 2923.5(a)(1).  A lender satisfies the due diligence requirement if it was not able to

27   contact the borrower after (1) sending a letter with certain information; (2) then calling the borrower

28   "by telephone at least three times at different hours and on different days"; (3) if the borrower does

     not respond within two weeks after the telephone calls, sending a certified letter, with return receipt

1  requested; (4) providing a toll-free telephone number that will provide access to a live representative

2  during business hours; and (5) posting a prominent link on the lender's homepage with certain

3  information.  § 2923.5(g).

4  California courts have recognized a private right of action under § 2923.5 and have held that

5  this right is not preempted by federal law.  *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 214,

6  225-30 (2010).  The only available remedy under § 2923.5, however, is a postponement of the

7  foreclosure sale for the lender to cure the deficiencies in its compliance with § 2923.5.  *See id*. at

8  214, 231-32; *see also Aguilera v. Hilltop Lending Corp.*, 2010 WL 3340566, *4 (N.D. Cal. 2010)

9  (slip copy) (citing *Mabry*, 185 Cal. App. 4th 208).

10  Here, the FAC indicates that the foreclosure sale on the underlying property has not yet been

11  held, which is one of the requirements for bringing a § 2923.5 claim.  *See* FAC ¶¶ 15, 22; *see also*

12  Doc. No. 34.[6]  As the *Mabry* court made clear:  "There is nothing in section 2923.5 that requires the

13  lender to rewrite or modify the loan." *Mabry*, 185 Cal. App. 4th at 214.  Because the only available

14  remedy under section 2923.5 is a postponement of the foreclosure sale, damages are not available.

15  In addition, the FAC does not allege that a foreclosure sale is even pending, so the request for

16  injunctive relief is not ripe.

17  Also, though the FAC added allegations identifying when Plaintiff defaulted on his

18  mortgage, clarifying that Plaintiff spoke with a representative from Defendant lender by telephone,

19  and that Plaintiff  initiated the contact with Defendant, the FAC remains silent or unclear as to

20  whether and when Plaintiff received the notice of default; when and by whom the notice of default

21  was filed; and whether Defendant complied with § 2923.5(g)'s due diligence requirements.

22  In conclusion, Plaintiff's § 2923.5 claim is dismissed with prejudice for failure to state a

23  claim upon which relief can be granted.

24  2.      Section 2924:  Notice

25  The FAC also refers in passing to California Civil Code § 2924.  FAC. ¶¶ 33, 34.  Section

26  2924 requires that a trustee must notify an owner or borrower before a foreclosure sale may proceed.

27

28  _____

[6]  As of June 27, 2011, the foreclosure sale remains voluntarily suspended and there is no sale currently scheduled.  Doc. No. 34

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

When attacking a non-judicial foreclosure sale, a borrower must overcome a presumption of propriety. *Knapp v. Doherty*, 123 Cal. App. 4th 76, 86 n. 4 (2004). A borrower may overcome the presumption by proving an improper procedure occurred and by demonstrating resulting prejudice. *Id*. Here, the FAC does not cure the defects previously identified by the Court in dismissing the § 2924 claim in the original complaint, including addressing whether and when Plaintiff received the notice of default; when and by whom the notice of default was filed; and the resulting prejudice to Plaintiff from the failure to comply with § 2924. *See* FAC ¶ 22. Therefore, Plaintiff's claims challenging notice based on § 2924 are dismissed with prejudice for failure to state a claim upon which relief can be granted.

**C.     Second Cause of Action:  Breach of Contract**

        In his second cause of action, Plaintiff alleges breach of contract of the original deed of trust agreement between Plaintiff and Defendant. Plaintiff contends that Defendant breached the contract when it initiated foreclosure proceedings on the property prior to attempting to contact Plaintiff to discuss, in good faith, Plaintiff's financial condition and to explore options to avoid foreclosure. Though the FAC adds additional detail to this cause of action regarding wrongful foreclosure, Plaintiff's breach of contract claim is still based on Defendant's alleged violation of California Civil Code §§ 2923.5 and 2924. Because Plaintiff has failed to sufficiently plead wrongful foreclosure based on sections 2923.5 and 2924 as described above, the Court dismisses the breach of contract cause of action with prejudice.

**D.     Third Cause of Action:  Breach of the Implied Covenant of Good Faith and Fair
        Dealing (Against Chase)**

        In his third cause of action, Plaintiff alleges that Defendant Chase breached the implied covenant of good faith and fair dealing based on Defendant Chase's refusal to a) provide "Plaintiffs" with a "feasible" loan modification; b) provide a response to the Qualified Written Request submitted to Defendant Chase on September 3, 2010; c) disclose documentation in violation of TILA; and d) provide an accounting pursuant to the Fair Debt Collection Practices Act. Chase is not, however, a defendant in this action nor is Chase mentioned anywhere else in the FAC. This cause of action also refers to "Plaintiffs," but in this case, Plaintiff Darryl Wienke is the sole

United States District Court

For the Northern District of California

1    plaintiff.  This cause of action appears to have been erroneously included in the FAC and refers to a

2    separate, unrelated lawsuit.  Therefore, the Court dismisses the third cause of action with prejudice.

3    **E.       Fourth Cause of Action:  Breach of the Implied Covenant of Good Faith and Fair**

4              **Dealing (Loan Modification Refusal)**

5              In his fourth cause of action, Plaintiff alleges that Defendant breached the implied covenant

6    of good faith and fair dealing, citing California Civil Code §§ 2923 and 2923.6, and current practices

7    of the mortgage industry.  This cause of action is identical to the fifth cause of action in the original

8    complaint, which the Court dismissed without prejudice after identifying the claim's defects.

9    Though the FAC does identify when Plaintiff defaulted on his loan (FAC ¶ 13), the FAC fails to

10   cure the other defects previously identified by the Court including describing the terms of Plaintiff's

11   loan agreement and pleading allegations of fraud with particularity.  Therefore, the Court dismisses

12   the fourth cause of action with prejudice.

13   **F.       Fifth Cause of Action: Promissory Estoppel**

14             In his fifth cause of action, Plaintiff brings a claim for promissory estoppel against all

15   Defendants.  Plaintiff alleges that Defendant IMS made a promise to him in clear and unambiguous

16   language that it would not foreclose on the subject property while it was evaluating his modification

17   application.  Plaintiff claims that he relied on this promise, that such reliance was reasonable, and

18   that he was injured by his reliance.

19             This cause of action suffers from an insurmountable defect.  By Plaintiff's own account, at

20   the time that Defendant IMS denied the loan modification in June 2010, it had not yet foreclosed on

21   the subject property, which was originally noticed for a trustee sale on August 11, 2010.  FAC ¶¶ 15,

22   22.  The FAC does not allege that a foreclosure sale ever occurred.  Indeed, Defendant IMS has

23   confirmed that the sale of the underlying property remains voluntarily suspended and that a sale is

24   not currently scheduled.  Doc. No. 34.  Consequently, Defendant IMS could not have broken a

25   promise, if such a promise was made, that it would not foreclose on the subject property while it was

26   evaluating the loan modification application.  Likewise, Plaintiff could not have been injured, when

27   no promise was broken.  Because the basic premise of the promissory estoppel claim is contradicted

28   elsewhere in the FAC, the fifth cause of action does not state a claim on which relief can be granted.

Therefore, the Court dismisses this cause of action with prejudice.

**United States District Court**
For the Northern District of California

### IV.  CONCLUSION

For the reasons described above, the Court **GRANTS** Defendant's motion to dismiss and **dismisses this action with prejudice** as follows:

1)   **First Cause of Action**:  The California Civil Code §§ 2923.5 and 2924 claims for wrongful foreclosure are dismissed with prejudice for failure to state a claim upon which relief can be granted.

2)   **Second Cause of Action**:  The breach of contract claim is dismissed with prejudice for failure to state a claim upon which relief can be granted.

3)   **Third Cause of Action**:  The breach of the covenant of good faith and fair dealing claim against Chase is dismissed with prejudice for failure to state a claim upon which relief can be granted.  Chase is not a defendant in this case and this cause of action was erroneously included in the FAC.

4)   **Fourth Cause of Action**:  The breach of the covenant of good faith and fair dealing claim based on the refusal of a loan modification is dismissed with prejudice for failure to state a claim upon which relief can be granted.

5)   **Fifth Cause of Action**:  The promissory estoppel claim is dismissed with prejudice for failure to state a claim upon which relief can be granted.

The Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

Dated: June 29, 2011

_____
NANDOR J. VADAS
United States Magistrate Judge

10